P. STERLING KERR, ESQ.
Nevada Bar No. 3978
PETER R. PRATT, ESQ.
Nevada Bar No. 6458
LAW OFFICES OF P. STERLING KERR
2450 St. Rose Parkway, Suite 120
Henderson, Nevada 89074
Telephone No. (702) 451–2055
Facsimile No. (702) 451-2077
Email: sterling@sterlingkerrlaw.com
Email: peter@sterlingkerrlaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

INTERNATIONAL MARKETS LIVE, INC., a corporation dba iMARKETSLIVE and IM ACADEMY;

    Plaintiffs,

v.

Isiah Watson, an individual;

    Defendants.

Case No

COMES NOW, Plaintiff by and through its attorneys, the Law Offices of P. Sterling Kerr, complain and allege against Defendant ISIAH WATSON as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff International Markets Live ("IM Academy") is a corporation with corporate offices in Las Vegas, NV.

2. Defendant Isiah Watson ("Watson") is a resident of Missouri.

3. This Court has diversity subject matter jurisdiction of this action. The Court has diversity jurisdiction under 28 U.S.C. § 1332 because no Plaintiffs and Defendants are residents of the same state, and because the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

4. Venue is proper as IM Academy has corporate offices in the state of Nevada, and all of the parties conducted business in the state of Nevada.

///

**GENERAL ALLEGATIONS**

5. IM Academy is a company that provides its customers with educational tools and information to trade foreign and crypto currencies ("Forex Trading").

6. IM Academy's products are distributed under a direct sales model and are offered to individuals on a subscription basis. IM Academy's products help IM Academy provide customers with technology, education, and research for Forex Trading.

7. IM Academy contracts with IBOs in an independent contractor relationship to effectuate the direct sales model of its products and services. These contracts are called Independent Business Owner ("IBO") Agreements.

8. All IM Academy IBOs become IBOs of IM Academy products only after entering into an IBO Agreement requiring the IM Academy distributor to agree to IM Academy's Policies and Procedures.

9. The IBO states that each distributor has carefully read and agrees to comply with IM Academy's Policies and Procedures.

10. IM Academy's Policies and Procedures require, among other things, that:

- IBOs may not directly or indirectly recruit other IBOs or customers for other network marketing businesses;

- IBOs may not participate as a distributor in another network marketing company that sells and distributes similar products to IM Academy;

- IBOs must not sell, or attempt to sell, any competing non-IM Academy programs, products, or services to IM Academy IBOs or customers;

- The Confidentiality Provision in the Policies and Procedures states:

///

///

During the term of the Agreement, Company may supply to Independent Affiliates confidential information, including, but not limited to genealogical and Downline reports, customer lists, customer information developed by Company or developed for and on behalf of Company by Independent Affiliates (including, but not limited to, credit data, customer and Independent Affiliate profiles and product purchase information), Independent Affiliate lists, manufacturer and supplier information, business reports, commission or dales reports and such other financial and business information which Company may designate as confidential. All such information (whether in written or electronic format) is proprietary and confidential to Company and is transmitted to Independent Affiliates in strictest confidence on a "need to know" basis for use solely in Independent Affiliates business with Company. Independent Affiliates must use their best efforts to keep such information confidential and must not disclose any such information to any third party, or use this information for any non-company activity directly or indirectly while on Independent Affiliate and thereafter.

11. Defendant entered into an IBO Agreement requiring the IBO to agree to IM Academy's Policies and Procedures.

12. At all times relevant herein, Defendant knew and was aware of the terms of the IM Academy's Policies and Procedures, including the prohibitions against recruiting IM Academy's IBOs and educators to leave IM Academy, the prohibition against working for a competitor of IM Academy, and the prohibition against providing Confidential Information and intellectual property to anyone outside of IM Academy's.

13. Defendant breached the IM Academy's Policies and Procedures.

14. Defendant breached his contracts with IM Academy by, among other things, going on social media and disparaging IM Academy, leaving IM Academy and immediately seeking to get IM Academy's IBOs, educators, and traders to leave IM Academy.

15. Defendant solicited, recruited, and enticed other IM Academy IBOs and traders away from IM Academy.

16. Defendant knowingly, intentionally, and wrongfully took Confidential Information and intellectual property from IM Academy.

17. Defendant knowingly, intentionally, and wrongfully used the Confidential Information and intellectual property he took from IM Academy.

18. Defendant knowingly and intentionally published false statements on social media platforms regarding IM Academy, its employees, and IBOs.

19. IM Academy suffered financial harm as a result of Defendant's wrongful conduct.

# FIRST CLAIM FOR RELIEF

(Breach of Contract)

20. IM Academy incorporates by reference and reaffirms each and every allegation previously asserted as if fully set forth herein.

21. Defendant entered into, or otherwise agreed to be, and was bound by a contract with IM Academy.

22. At all relevant times herein, IM Academy performed the obligations and duties required of it by the contracts it had between IM Academy and Defendant.

23. The Defendant breached his contracts with IM Academy by failing to conform to the terms of his agreement, namely by taking confidential and trade secret information from IM Academy for his personal use.

24. The breach of the contract by Defendant has caused damages to IM Academy excess of one million dollars ($1,000,000.00).

25. IM Academy is entitled to its reasonable attorney's fees due to Defendant's breach of the agreement.

# SECOND CLAIM FOR RELIEF

(Misappropriation and Violation of Uniform Trade Secrets Act – Nevada Revised Statues Chapter 600A against all Defendant)

26. IM Academy incorporates by reference and reaffirms each and every allegation previously asserted as if fully set forth herein.

27. Defendant acquired IM Academy's trade secrets by an improper means, including stealing or misappropriating the trade secrets from IM Academy.

28. Defendant misappropriated IM Academy's trade secrets by disclosing the trade secrets without express or implied consent from IM Academy, including those trade secrets that were obtained without authorization from IM Academy.

29. Defendant further misappropriated IM Academy's trade secrets by using the trade secrets without express or implied consent from IM Academy.

30. Defendant had a duty to maintain the secrecy of IM Academy's trade secrets.

31. As a result of Defendant's misappropriation of IM Academy's trade secrets, IM Academy has suffered damages to be determined at trial in excess of one million dollars ($1,000,000.00).

32. IM Academy is entitled to exemplary damages due to Defendant's willful and malicious misappropriation of IM Academy's trade secrets in excess of one million dollars ($1,000,000.00).

33. IM Academy is entitled to its reasonable attorney's fees and costs due to Defendant's willful and malicious misappropriation of IM Academy's trade secrets.

## THIRD CLAIM FOR RELIEF

(Defamation Per Se against Defendant)

34. IM Academy incorporates by reference and reaffirms each and every allegation previously asserted as if fully set forth herein.

35. Defendant's made statements on social media which tend to harm the reputation of the IM Academy in the estimation of the community and deter third persons from associating or dealing with IM Academy.

36. The statements are false.

37. The statements were intentionally published on the internet.

38. The statements constitute the imputation that IM Academy has a lack of fitness for trade, business, or profession.

39. As a direct and proximate result of Defendant's defamatory acts, IM Academy has been harmed in amount in excess of one million dollars ($1,000,000.00).

40. It has been necessary for IM Academy to retain the services of an attorney to prosecute this action and, therefore, IM Academy is entitled to reasonable attorney's fees and costs.

## FOURTH CLAIM FOR RELIEF

(Tortious Interference with Contractual Relations against Defendant)

41. IM Academy incorporates by reference and reaffirms each and every allegation previously asserted as if fully set forth herein.

42. IM Academy had contractual relationships with educators, trades, customers, and individual representatives who are receiving educational products for Forex markets in exchange for monetary compensation.

43. Defendant knew of these relationships.

44. Defendant spread false information and used IM Academy's confidential information and trade secrets to form relationships with IM Academy's customers for his personal gain.

45. Defendant's conduct was not legally justified.

46. As a direct and proximate result of Defendant's interference with IM Academy's contractual relationships, IM Academy has been harmed in amount in excess of one million dollars ($1,000,000.00).

47. It has been necessary for IM Academy to retain the services of an attorney to prosecute this action and, therefore, IM Academy is entitled to reasonable attorney's fees and costs.

### FIFTH CLAIM FOR RELIEF

(Tortious Interference with Prospective Economic Advantage against Defendant)

48. IM Academy incorporates by reference and reaffirms each and every allegation previously asserted as if fully set forth herein.

49. IM Academy had prospective contractual relationships with educators, traders, customers and individual representatives who desired to participate in receiving educational products for Forex markets.

50. Defendant knew of these prospective relationships.

51. Defendant spread false information and used IM Academy's confidential information and trade secrets with the intent of preventing and inhibiting IM Academy's relationships with the prospective customers.

52. Defendant's conduct was not legally justified.

/ / /

53. As a direct and proximate result of Defendant's interference with the prospective customer relationships, IM Academy has been harmed in amount in excess of one million dollars ($1,000,000.00).

54. It has been necessary for IM Academy to retain the services of an attorney to prosecute this action and, therefore, IM Academy is entitled to reasonable attorney's fees and costs.

WHEREFORE, PLAINTIFF PRAYS FOR<br>THE FOLLOWING RELIEF AGAINST DEFENDANT:

1. For Damages in an amount greater than $1,000,000.00 as a result of Defendant's unlawful actions;

2. For injunctive relief to enjoin the Defendant from the following:

- Defendant shall immediately refrain from using any customer list, trademark, trade secret, program information, or any other confidential information and/or materials, including downlines, back-office data, binary options trading software, and binary options trading algorithms from IM Academy;

- Defendant shall immediately refrain from disclosing any IM Academy customer list, trademark, trade secret, program information, or any other confidential information and/or materials;

- Defendant shall immediately return any equipment, or other materials, including but not limited to, hard copies of documents and/or data, electronic copies of documents and/or data, emails, and any other material containing or referring to any IM Academy customer list, trademark, trade secret, program information, or any other confidential information and/or materials;

- Defendant shall immediately refrain from conducting and soliciting any business, accepting any employment by or rendering professional services to, any person or organization that is or was a IM Academy distributor, educator, trader, and/or client, which includes that Defendant shall not conduct business with former IM Academy IBOs, educators, or traders; and

- Defendant shall immediately refrain from soliciting, recruiting, bribing, and/or enticing IM Academy IBOs, educators, and/or traders to violate his contracts with IM Academy and/or misappropriate IM Academy's Confidential Information and/or intellectual property.

3. For an award of pre-judgment interest, as well as reasonable attorneys' fees as both normal and special damages, and other costs; and

4. For such other and further relief that this Court deems just and proper.

Dated this 20th day of July 2021.

          LAW OFFICES OF P. STERLING KERR

          /s/ P. Sterling Kerr

P. STERLING KERR, ESQ.
Nevada Bar No. 3978
PETER R. PRATT, ESQ.
Nevada Bar No. 6458
LAW OFFICES OF P. STERLING KERR
2450 St. Rose Parkway, Suite 120
Henderson, Nevada 89074
Telephone No. (702) 451-2055
Facsimile No. (702) 451-2077
Email: sterling@sterlingkerrlaw.com
Email: peter@sterlingkerrlaw.com
*Attorneys for Plaintiff*